## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ZACHARIA GAUDIO,

      Plaintiff,

v.                                                                              No. 1:24-cv-00903-KK

ALLEN SMITH,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS***
**AND ORDER TO SHOW CAUSE**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case,

Doc. 1, filed September 12, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District

Court Without Prepaying Fees or Costs, Doc. 2, filed September 12, 2024.

**Application to Proceed *in forma pauperis***

    The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.*

at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying

Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings

and provided the following information: (i) Plaintiff's average monthly income during the past 12

months is $0.00; (ii) Plaintiff has $0.00 in cash and no funds in bank accounts; and (iii) Plaintiff is

"unemployable due to severe spine issues and disability benefits are pending."  The Court finds

that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit

stating he is unable to pay the costs of these proceedings and because he has no income.

**Order to Show Cause**

Plaintiff asserts claims against Defendant Allen Smith, "Chief Judge/Administrator" in

Valencia County, New Mexico, for violations of the "1st, 5th, 7th, 8th, 14 Ammendments [sic] of

the U.S Constitution, protections under the Americans with Disabilities Act."  Complaint at 2-3.

The only factual allegations in the Complaint state:

> I Zacharia Gaudio attended a hearing on 7/17/2024 where the defendant Allen
> Smith acted outside of and in clear absence of his jurisdiction by violating my
> constitutional rights according to the US Constitution, as well as my rights listed in
> the Americans with Disabilities Act.

Complaint at 4.

The Complaint fails to state a claim upon which relief can be granted because Plaintiff does

not state with any particularity what Defendant did to Plaintiff or how those actions harmed

Plaintiff and, consequently, does not give Defendant fair notice of the grounds upon which

Plaintiff's claims are based.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County*

2

*Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim and for lack of jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  The amended complaint must contain factual allegations supporting Plaintiff's allegation that Defendant "acted outside of and in clear absence of his jurisdiction." *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) ("state court judges are absolutely

immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction") (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 2, filed September 12, 2024, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court

should not dismiss this case; and (b) file an amended complaint.  Failure to timely

show cause or file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**