IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZACHARIA GAUDIO,

        Plaintiff,

vs.                                                                                                                                                                No. CIV 24-0903 JB/KK

ALLEN SMITH,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Ammended [sic] Cause of Action, filed October 15, 2024 (Doc. 7)("Amended Complaint"). Plaintiff Zacharia Gaudio appears pro se. For the reasons set out below, the Court: (i) dismisses without prejudice Gaudio's claims; (ii) dismisses the Amended Complaint; and (iii) dismisses this case.

## PROCEDURAL BACKGROUND

Gaudio asserts claims against Defendant Allen Smith, "Chief Judge/Administrator" in Valencia County, New Mexico, for violations of the "1st, 5th, 7th, 8th, 14 Ammendments [sic] of the U.S Constitution, protections under the Americans with Disabilities Act." Complaint for a Civil Case at 2-3, filed September 12, 2024 (Doc. 1)("Complaint"). The only factual allegations in the Complaint state: "I Zacharia Gaudio attended a hearing on 7/17/2024 where the defendant Allen Smith acted outside of and in clear absence of his jurisdiction by violating my constitutional rights according to the US Constitution, as well as my rights listed in the Americans with Disabilities Act." Complaint at 4.

The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies Gaudio:

> The Complaint fails to state a claim upon which relief can be granted because Plaintiff does not state with any particularity what Defendant did to Plaintiff or how those actions harmed Plaintiff and, consequently, does not give Defendant fair notice of the grounds upon which Plaintiff's claims are based. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Memorandum Opinion and Order Granting Application to Proceed In Forma Pauperis and Order to Show Cause at 2-3, filed September 13, 2024 (Doc. 5)("Order"). Magistrate Judge Khalsa orders Gaudio to show cause why the Court should not dismiss this case and to file an amended complaint. See Order at 5.

Gaudio filed an Amended Complaint, arguing why the Court should not dismiss this case. See Amended Complaint at 1. The Amended Complaint does not: (i) contain "a demand for the relief sought," as rule 8(a)(3) of the Federal Rules of Civil Procedure requires; nor (ii) state Gaudio's claims in numbered paragraphs as rule 10(b) of the Federal Rules of Civil Procedure requires. See Order at 4,

Gaudio argues that "on 7/17/2024 I attended a hearing form [sic] my parentage case where Mr. Allen Smith was presiding" and "decided to abuse his contempt of court powers to 'find me in contempt,'" thereby violating Gaudio's First Amendment rights. Amended Complaint at 1 (internal quotation has no citation). When Gaudio attempts to invoke his rights under the

Americans with Disabilities Act, Smith states: "you have to apply for it." Amended Complaint at 1. Smith "used 40-11A-632 to deny a jury trial," which "violates the 5th ammendment [sic] right to due process as well as the 6th and 14th as a jury trial is part of procedural due process." Amended Complaint at 2. N.M.S.A. § 40-11A-632 states: "The district court, without a jury, shall adjudicate paternity of a child." Amended Complaint at 2. Smith "argued with me becoming adversarial to a defendant, which in turn compromises his impartiality." Gaudio does not indicate whether he objected to Smith's argument or filed a motion asking Smith to disqualify himself. He asserts next that Smith should have overturned a restraining order and held an "in camera interview with my disabled son" over Gaudio's objection, which Gaudio asserts "violates my 14th Ammendment [sic] right to care, custody, and control of my child." Complaint at 3. Gaudio alleges that "the doctrine of judicial immunity was ammended [sic] and no longer extends into administrative actions. Since parentage cases are administrative and Mr. Smith is titled Chief Administrator, judicial immunity does not apply." Amended Complaint at 4. Gaudio also alleges judicial immunity does not apply: (i) because Gaudio is suing Smith in his individual capacity; (ii) "when a judge violates their oath;" and (iii) because "the New Mexico Civil Rights Act[1] also states that not even the State itself can claim immunity when a deprivation of rights occurs." Amended Complaint at 4. Gaudio does not cite any legal authority to support his arguments.

Gaudio does not identify the State court case name or number, but State court records indicate that Gaudio is a party in a case "to Establish Parentage," which the Honorable Allen R. Smith, District Judge, 13th Judicial District, Counties of Cibola, Sandoval, and Valencia, New Mexico, for the District Court, State of New Mexico, and that Judge Smith: (i) held a "Merits Hearing" on July 17, 2024; (ii) denied Gaudio's "Motion to Quash in Camera Interview;" and (iii)

---

[1] N.M.S.A. §§ 41-4A-1 to -13 (2021).

held an "In-Camera Proceeding" on August 15, 2024. See Roberts v. Gaudio, No. D-1314-DM-202100450, Los Lunas District Court. The State court records indicate the State court case is ongoing.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110)).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis in original). The United States Court of Appeals for the Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

**LAW REGARDING YOUNGER ABSTENTION**

Under the abstention doctrine that the Supreme Court articulates in Younger v. Harris, 401 U.S. 37 (1971)("Younger"), "federal courts should not 'interfere with state court proceedings' by granting equitable relief -- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings" -- when the state forum provides

an adequate avenue for relief.  Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001)(quoting Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999)).  Younger abstention is not a doctrine belonging only to courts of equity, although the doctrine arose from parties seeking equitable relief from State court proceedings in federal court; the Tenth Circuit has "not treated abstention as a 'technical rule of equity procedure,' [r]ather, [it has] recognized that the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief."  Morrow v. Winslow, 94 F.3d 1386, 1392 (10th Cir. 1996)(quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 (1996)).  This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs."  J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999)(quoting Seneca-Cayuga Tribe v. Oklahoma, 874 F.2d 709, 711 (10th Cir. 1989)).

      For Younger abstention to be appropriate, the Tenth Circuit holds that three elements must be present: (i) interference with an ongoing State judicial proceeding; (ii) involvement of important State interests; and (iii) an adequate opportunity afforded in the State court proceedings to raise the federal claims.  See J.B. ex rel. Hart v. Valdez, 186 F.3d at 1291 (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, (1982)("Middlesex")); Sw. Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1177-78 (10th Cir. 2001).  When all of the elements mandating abstention clearly exist in the record, courts may and should address application of the Younger abstention doctrine sua sponte.  See Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976)(stating that "abstention may be raised by the court sua sponte"); Morrow v. Winslow, 94 F.3d 1386, 1390-91 & n.3 (10th Cir. 1996)(raising and applying Younger abstention doctrine sua sponte, and holding that parties need not raise the Younger abstention doctrine to preserve its applicability).

"Younger abstention is not discretionary once the conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." Seneca-Cayuga Tribe v. Oklahoma, 874 F.2d 709, 711 (10th Cir. 1989)(first citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976); and then citing Trainor v. Hernandez, 431 U.S. 434, 442 n.7 (1977)). See Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997)(because "'application of the Younger doctrine is absolute . . . when a case meets the Younger criteria,' there is no discretion for the district court to exercise.")(quoting Tr. & Inv. Advisers, Inc. v. Hogsett, 43 F.3d 290, 294 (7th Cir. 1994)). When the Younger abstention elements are met, a district court should dismiss the claims before it, unless a petitioner has brought claims which "cannot be redressed in the state proceeding," in which case the district court should stay the federal proceedings pending the conclusion of the state litigation. Deakins v. Monaghan, 484 U.S. 193, 202 (1988). For example, where a party brings a claim for damages under 42 U.S.C. § 1983, as well as a request for equitable relief from a State court proceeding, a federal district court should dismiss the claims for equitable relief pursuant to Younger, but stay the complaint with respect to the damages claim, because § 1983 is a federal cause of action. See Myers v. Garff, 876 F.2d 79, 81 (10th Cir. 1989)(district court correctly dismisses claims for declaratory and injunctive relief, but should have stayed claims for damages under § 1983 against defendants until the State court proceedings ended). See also Younger, 401 U.S. at 43 (holding that the federal courts must dismiss suits requesting declaratory or injunctive relief when there are pending State criminal proceedings).

On the other hand, where a State court can address a plaintiff's causes of action, a federal court should abstain and dismiss the case even if the plaintiff requests monetary damages in addition to injunctive relief against the State court proceeding. In Wideman v. Colorado, 242 F.

App'x 611 (10th Cir. 2007)(unpublished),[2] the Tenth Circuit considers a parent's complaints alleging ongoing violations arising from the Colorado state courts' adjudication of his child-custody rights.  See 242 F. App'x at 613.  The parent requests a federal district court to issue an order regarding his parental rights and rights to child-support payments, and to award the parent monetary damages recompensing him for his past child-support payments.  See Wideman v. Colorado, 242 F. App'x at 611.  Additionally, the parent allege that the Colorado state trial and appellate courts had treated him with "disrespect" on account of his gender and race, and he brings a § 1983 case in federal court seeking money damages from the state court officials adjudicating his state custody case.  Wideman v. Colorado, 242 F. App'x at 613.  The Tenth Circuit rules that the district court was right to abstain from hearing the parent's case under Younger.  See Wideman v. Colorado, 242 F. App'x at 614.  The Tenth Circuit explains that the parent's "complaints assert claims that involve matters still pending in Colorado state courts," as the custody proceedings were ongoing.  Wideman v. Colorado, 242 F. App'x at 614.  Further, the dispute implicates "important state interests," because the parent's complaints cover domestic relations issues.  Wideman v. Colorado, 242 F. App'x at 614.  Last, the Tenth Circuit concludes that the parent has "an adequate

---

[2]Wideman v. Colorado is an unpublished opinion, but the Court can rely on an unpublished 10th Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Wideman v. Colorado, 242 F. App'x 611 (10th Cir. 2007) has persuasive value with respect to a material issue and will assist the Court in its disposition of this Order.

opportunity to litigant any federal constitutional issues that may arise . . . in the Colorado state proceedings." Wideman v. Colorado, 242 F. App'x at 614.  Thus, where the Younger abstention criteria are otherwise met, even if a party requests monetary damages, a federal court in the Tenth Circuit must abstain from adjudicating the entire case while State proceedings are ongoing.

## ANALYSIS

Having reviewed carefully the Complaint and the relevant law, the Court: (i) abstains from adjudicating Gaudio's case and dismiss Gaudio's claims without prejudice; (ii) dismisses the Complaint; and (iii) dismisses this case.  The Court abstains from hearing and dismisses Gaudio's claims under Younger abstention regarding Smith's: (i) alleged abuse of contempt of court powers; (ii) statement that Gaudio has to apply for rights under the Americans with Disabilities Act; (iii) denial of a jury trial; (iv) alleged impartiality; (v) failure to overturn a restraining order; and (vi) the alleged violations of Gaudio's constitutional rights arising from Defendant Smith's action.  For Younger abstention to be appropriate, the Tenth Circuit rules that three elements must be present: (i) interference with an ongoing State judicial proceeding; (ii) involvement of important State interests; and (iii) an adequate opportunity afforded in the State court proceedings to raise the federal claims.  See J.B. ex rel. Hart v. Valdez, 186 F.3d at 1291 (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Sw. Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1177-78 (10th Cir. 2001).  Gaudio's claims regarding Smith's actions involve matters still pending in State court which implicate important State interests, because the State court case covers the issue of parentage of a child, and Gaudio has an adequate opportunity in the State court proceeding to raise the federal claims.  See Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997)(holding that, because "'application of the Younger doctrine is absolute . . . when a case meets the Younger criteria,' there is no discretion for the district court to exercise.").

See Wideman v. Colorado, 242 F. App'x 611, 614 (10th Cir. 2007)(finding that the parent had "an adequate opportunity to litigant any federal constitutional issues that may arise . . . in the Colorado state proceedings."). When all of the elements mandating abstention clearly exist in the record, courts may and should address application of the Younger abstention doctrine sua sponte. See Bellotti v. Baird, 428 U.S. at 143 n.10(stating that "abstention may be raised by the court sua sponte").

**IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed without prejudice; (ii) the Plaintiff's Ammended [sic] Cause of Action, filed October 15, 2024 (Doc. 7), is dismissed; (iii) this action is dismissed; and (iv) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Zacharia Gaudio
Plano, Texas

    *Plaintiff pro se*